Honorable the judges of the United States Court of Appeals for the Fourth Circuit. Thank you we're ready to hear argument in our next case U.S. v. Simmons et al. As I understand it Ms. Walbaum can see us but we can't see her but we will hear from her and two other quick points it is Friday afternoon you all are not the only case on our docket and there's a lot to unpack in this case so it would be helpful as you're discussing it if you're discussing a particular count just don't tell us it's count 10 you might tell us which defendant it applies to and what the charge was there because there's a lot of players and a lot of counts so with that Ms. Walbaum we'll hear from you thank you your honor may it please the court Theresa Walbaum for the United States and let me begin by apologizing for the for the technical malfunction and and then proceed directly that given the size of this case I'd like to start by addressing two issues first the government's appeal of the dismissal of count 30 of the indictment and the defendant's claim of fatal instructional error on the by car assault count as the first circuit recently held in the Sarnoff case a conspiracy can qualify as a crime of violence when an aggravated form of the offense requires the government to charge and prove an additional element that satisfies the fourth law 18 USC 1963 a a creates an aggravated form of RICO and under 1963 a an apprentice an aggravated RICO conspiracy can be a crime of violence if the indictment charges an aggravating state or federal crime that first qualifies as racketeering activity and second carries a statutory maximum sentence of life that gets counsel the enhanced sentence can I ask you a question on that so for a RICO conspiracy the racketeering activities need not occur you agree with that right so you can have an agreement you can have an agreement to commit a racketeering activity without the racketeering activity ever occurring that is under a standard RICO conspiracy that is correct your honor that's correct and so in a what you call an aggravated RICO conspiracy you you have to allege that the racketeering activity alleged is a crime of violence but it's still to need not have actually occurred and so the point of the racketeering conspiracy I get here you charge that you did commit the murk not you obviously but the defendants actually killed somebody but you by by virtue of the way you frame this that you know is an element that you have to prove that the crime of violence occurred and that's just not true with the RICO conspiracy because you don't have to prove any activity took place right it's just the agreement to commit murder would be sufficient to charge the aggravated form of RICO conspiracy that you've alleged here so what what what am I missing there not necessarily your it would depend so take Virginia for example the aggravating state crimes that would rate have to do two things they have to raise the stat every racketeering activity and that's a raise the statutory maximum because they have they carry a life maximum themselves that is to crime murder and attempted murder in Virginia and those will have been committed so in no no but that's the whole point so imagine I allege a racketeering conspiracy and I will stop after this if we don't follow but I like a racketeering conspiracy I like the racketeering activity was to kill ten people right in ten separate racketeering activities and I enter that agreement with judge when he and I we agree we're gonna kill ten people and then it turns out after you catch us on a wire agreeing it agreeing to do it we get arrested before we actually do it you have a RICO conspiracy assuming you've got everything else that goes with RICO but you have the conspiracy and the violation on which its base is murder it just never happened and that's exactly what can't be a crime of violence so I that if you could help me I don't want to take up all your time because this not correct well your honor so first of all I think the basic premise is correct not every aggravated RICO conspiracy would be a crime of violence but since RICO there's two things in play here first a friend Ian Mathis which say whatever increases the statutory maximum becomes an element of the crime since these are charged murders they are elements of the crime once they're proven and here found by a special jury verdict that the specific crimes were committed what's going on time judge when go ahead well I just want to be clear I think where judge Richardson's going it I just needed to clarify do you agree our analysis here is a categorical one your honor it is the modified categorical approach and so that's my second argument first that might be the way in which you are you're getting at a different result if you come with that I just don't know where that comes from because RICO is a divisible statute as the Third Circuit held in Williams it is there are multiple branches in the statute at which it is divisible there are four sections each section have different ways to be committed 1963 a is itself divisible and statutory maximum under 1963 a is further divisible because you have a statutory maximum that is tied to it has to be based on racketeering activity so the court has to under the modified categorical approach gets to look at the indictment the charging instruction and the special verdict form here in this case that would be that would be dependent would it not on finding that these special sentencing factors are elements of the underlying RICO conspiracy crime they they are sure they are as charged under Apprendi and Mathis because Mathis states any any fact that increases a sentence becomes an element of the crime and that's right I understand that that's that's there is a factual difference between the legal difference between that and generic RICO conspiracy perhaps but in this case for instance there are five separate murders as special sentencing factors was the jury instructed as to the elements of murder under Virginia law as part of the elements of this crime yes your honor and moreover the special verdict in the RICO conspiracy we find all the racketeering activity and Virginia murder was included then in the special verdict form well right right so wait a minute wait a minute wait a minute so I know murder was included what I'm asking is were the elements of murder as that that the jury must find those as independent elements themselves the jury had to find them if they were charged within the RICO conspiracy yes as racketeering activity and the jury was instructed they had to find those as part of the RICO conspiracy and then the special verdict form required them to find unanimously and beyond a reasonable doubt that they each defendant committed the charged murder as defined in the under Virginia law as to find in the jury instruction it was very specific your honor and it was it was very very narrow and it was very specific and so application of Apprendi and Mathis then demanded those become elements and under a modified categorical approach as you this court can look to that additional aggravating factor as the First Circuit did in Sarnoff as the Eighth Circuit did in Roth in a kidnapping case and because the additional fact that government had to prove under Virginia law to increase the statutory maximum was murder and because this court has held in United States versus Mathis in the Fourth Circuit that Virginia murder is a crime of violence then it logically follows that the aggravated RICO as charged here under the modified categorical approach is a crime of very strange because because RICO is conspiracy but as Sarnoff and Roth has made clear the conspiracy cannot be a crime of violence is the default position but when there is a second type of crime that requires the government to prove an additional element and that element satisfies the fourth clause then the conspiracy it as charged under the modified categorical approach converts to a different crime that can have an element. It seems that may be the turning point here you know the RICO statute itself may be divisible in a number of ways but just like Judge Richardson said the sentence enhancement is possible even with a mere agreement so then the RICO conspiracy is not divisible between a mere agreement and an actual commission so there's no modified categorical approach here. That's not the divisibility you've got a mere agreement. No your honor I would disagree with that. Well I can tell you that's what we divide in terms of our understanding of where you're going with this here and the case law when you go back to when you go back to the Supreme Court case when you're dealing with Salinas that essentially tell you a RICO conspiracy does not require any overt act or specific acts. So the question is what did you have to do? Let me put it this way if you are under the categorical approach then what is your argument? If I'm under the modified categorical approach? No no answer that question I got what you said under the modified categorical approach I think I'm clear on that. I'm saying if it's categorical in the I'm not I'm not certain that I I have an argument your honor I mean it RICO RICO is indivisible there is no way that I mean if you look at the statute. I understand I understand your argument to the contrary as the way you say it is not but I'm saying assume that it is and and and that doesn't mean that we are going to do that but I'm saying assume it is I just want to be clear that if it is a if we determine it's a modified categorical approach is that correct? I think that's correct your honor let me let me put it this way other there are other standard RICO conspiracy without the aggravating factor has been found not to be a crime of violence. That is correct this is a different version of the RICO crime just as kidnapping resulting in death was in Ross and just as the conspiracy resulting in death was in Zarnoff. Those are two two recent cases that recognize that that when the government proves an aggravated factor that isn't that meets the force clause the conspiracy is converted into a new form of offense that can itself meet the force clause and since there were completed murders here the fact that there's other theoretical ways that aggravated RICO could be committed that didn't result in it being a crime of violence that doesn't undermine what happened here that it was proven as a and that at the end of the day they were charged with the jury was instructed on the elements of the Virginia murder and they specifically found in the in the special verdict form that each defendant committed this specifically charged completed murder as an element of the RICO conspiracy and so that would make it read this aggravated form of RICO a conspiracy a special nature of conspiracy that would qualify as a crime of violence your honor given my amount of any other questions on this point otherwise I think I would just reserve the remainder of my time to answer defendants argument all right we can do that we'll add your time on to what you have and with that we'll move to mr. beers we're glad to hear from you thank you may please the court Paul beers I'm the court for appointing me to represent Malik Lassiter in this case I was not involved in the trial which took place in Norfolk in front of judge Davis I'd like to focus if I could on the five by car assault counts specifically those are counts 8 15 18 27 and 29 and they were brought under section 1959 a3 they were based and predicated on two state crimes state statutory offenses brandishing a firearm section 18.2 282 in the Virginia Code and another offense 18.2 53.1 the defendants did not present any through counsel present any jury instructions but the government did and the government presented the wrong jury instructions to judge Davis they presented jury instructions that he instructed under 18.2 53 which is a different statute as well as 18.2 282 mr. beers we understand we understand that there was an error there I think the government acknowledges that the wrong statute was cited as I recollect from the record there was no objection on behalf of the defendants so we're here on a plain error so why don't you take it from there judge respectfully I don't think the plain error doctrine applies or if doctrinally it applies we necessarily meet all for a lot of prongs here because that's been the position of the court since for a quarter of centuries since 1994 in Floresco in an let me make it clear at least in terms of understanding may be here you on plain error but it appears to me you're here because of an error ever approach per se this is a structural error if it is an error at all on the u.s. versus Randall yes and and for that reason you didn't have to bring it up you can't send it's almost like subject matter jurisdiction you can't charge a person with a crime that hasn't been indicted you can bring that up at any time and just like here when I looked at Virginia statute I thought because it's Virginia law and you know the statutes are not number different in every state that's well you know that's just the point one oh no that's a totally different statute I mean that that is a totally different crime than the crime for which he was indicted or being charged for and so your argument here is that that structural error cannot be cured by a constructive amendment that can only be done you can't do it in this way you got to do it you got to do it either by a jury or some other kind of way on it but you can't do it this way absolutely your honor absolutely it is as recently as 2011 judge Richardson that seems to trace back to our decision in Floresco which I think you you as judge win laid out right sort of said that it's a per se error when the there's not a grand jury indictment and our court several years later relied on that in a case called cotton relied on Floresco for that very point and then the Supreme Court in the cotton decision reversed the Fourth Circuit and said no that's not right whatever you might say about the first three prongs of plain error even if there's a grand jury failure to indict you still can look at the fourth prong and find and affirm the conviction where the evidence is essentially overwhelming and uncontroverted why why isn't that the see that it's a per se era any longer after the court's decision in cotton which rejects the Fourth Circuit's very analysis in Floresco that that's no longer good law thank you thank your honor cotton was decided your honor in 2002 by the Supreme Court nowhere in this brief by the Department of Justice have they cited cotton or they're relying upon cotton but in any event cotton was not a concern standard I mean we we often say now maybe it's not right I can see that but we have a wealth of case law in the Fourth Circuit that says you can't waive the standard of review right and so what the manner in which the standard of review applies I don't think can be waived can it at least under Fourth Circuit law I don't know I'm not sure judgment I do know that since cotton in a succession of cases this court is held for example 2011 in a published decision called Rendleman that I've cited unequivocally said the plain error doctrine does not apply in the Fourth Circuit when there's a constructive amendment below and that's positive the reason here is because this this arises on the Fifth Amendment grand jury clause you know no person can be held for crime unless the less unless it comes from this presentment or indictment and so that the whole aspect of the subject matter jurisdictional view of this per se is because it's a crime and you can't come back and say oh we meant this and that's one of the fundamental things of being a prosecutor you got to charge the right thing yes that is one bright line that still remains cotton didn't change that and you don't blow that off by simply saying well you know you should have objected to the fact that you didn't get charged at the right thing when you take a close crime and by the way these these are different very different crimes I mean that is a much broader crime than the one for which he was indicted for it has all kind of stabbing and all kinds of stuff in there so it's it's two different things can I just get you to respond to that so I'm accepting the argument there can you help me understand because cotton itself was a case where the grand jury had failed to make a finding on an issue that was given to the pettit jury so help me understand why cotton doesn't apply to a grand jury failing to find something that's submitted to the pettit jury a judge I apologize but since they ever even cited the Supreme Court case in their brief I'm a little bit cold on it but I do not I don't hold that again let me be very clear I don't hold that against you one iota we're gonna talk to your colleague on the other side about why this argument wasn't made but I don't hold it against you that you're not familiar with it can I answer the question mr. mr. mr. beers and of course doing that I mean this it may be sort of academic for purposes of this case as to whether cotton and later cases like Marcus have rejected the rule in floresca but but here this is unlike those cases which are single predicate cases here we have two different predicates you have the eighteen point two fifty three or fifty three point one but also the state brandishing statute so even if one of the predicates is invalid if the other one is not under Yates wouldn't that subject you to at a minimum plain error review for the Supreme Court decided in Hedgepeth I know your honor I think in in for example Yates and the Fourth Circuit project under Yates that's an alternative when two theories are presented to the jury and let's say for example subject to trial the Supreme Court says one of those there one of those statutes is unconstitutional so one becomes invalid then we can then we can launch into a harmless review harmlessness review but that's not what a constructive amendment is through jury instructions that the constructive amendment is you're changing the bases of the indictment bases of conviction you're changing right and if this if this will are for floresca and you only had the one predicate I think that's a winner for you yes but that's not this case you have a second predicate where there is no constructive amendment why doesn't that seems to be on all fours with the Supreme Court's decision in Hedgepeth well again again counsel for the United States is not cited Hedgepeth has not cited cotton so the court you know a little bit cold in some of these line of authority and Hedgepeth those are harmless error cases in this court repeatedly and published precedent has said we're not going to apply the harmless error doctrine so the big issue here is that the jury could have defiled either one this jury was instructed that either one would have been sufficient that's the first thing but but the case you want to want to go to in so far as the alternative error there is the strong case from the United States Supreme Court that's the case's own point that deals with this situation here I see my time is up unless the court has any further questions all right thank you mr. beers miss Taman thank you your honor may it please the court Laura Taman representing appellant Simmons I had prepared some arguments on the sufficiency of the evidence and I would just point out that of the five by car counts that were constructively amended we have substantial challenges to the sufficiency of the evidence on count 8 and also on count 27 so if there's time remaining after I have responded to the government's appeal I'd like to double back and sort of address those those questions with respect to count one the Rico conspiracy I would point out to the did not include the sentencing factors the conspiracy that was charged by the government concluded with the reference to 18 USC section 1962 D and there was no reference to this miss miss Taman miss Taman and we're going to give you a little extra time here I'm not sure who represents who but I do have some questions on the sufficiency with regard to two particular counts 22 and 23 the attempted murders of land as and I think the other guy's name was Nino so at some point if somebody wants to address that because I'm going to be asking the government about it now what happened that evening evening of December the 27th is that for the first time mr. Lassiter who's charged with four separate 924 C counts joins the group and the group arrives in downtown Norfolk at appellant Simmons apartment complex I don't I don't mean to cut you short here but we know what happened can you talk to us about why or why not it's attempt under Virginia law I'd be happy to address it but with the court permission I'll allow mr. beers to address that if that's acceptable all right you're on mr. beers can you do that the question of why the count 22 is insufficient to conviction on count 22 and 24 right right for both this Nino and when yes yes I can't very briefly judge I can tell you that taking 22 that's Linnaeus the evidence there aside from the mains rail question they have to have a specific intent to attempt murder but it's aside from that they need to show under Virginia law Virginia law of intent a overt and direct act or the consummation of the offense and we know that's true because of 2019 the Virginia Court of Appeals on bonk reexamined this very very question and and basically clarified Virginia law that the old slight acts any slight act toward the crime is sufficient if there was some old Virginia cases that did suggest that they clarified that's not the law in Virginia we know that that's the last word from the Virginia appellate courts 2019 on bonk you have to have much more than that for example right if I if I agreed with you on that one can you really talk about Nino which seems like the hard case because that's one where they actually get to the door they're banging on the door why not there that is the big difference in Linnaeus they never got out of the car that's count 22 count 24 is Nino his honor judge Richardson's correct in that case they got out of the car they got out of the car and they knocked on the door and then Nino didn't answer they drive away and then Nino calls so they need no Nino's there but they didn't go back but and when they're at that when they're at the door they are armed they are armed were the guns drawn or do you know there were not not drawn I don't think there's ever clear evidence I don't think it's clear as my client was armed but there's evidence that at least a couple of more aren't yes but they never thought they ever brandished the weapons or got them out they were armed but that's all they did is knock knock knock no Nino they that's insufficient because if you look at the Jones case they say driving to the site of the crime robbery where with an arm with a weapon wearing a mask all those are preparatory they're preparatory judge I get the preparation for Lana's right like they drive there they sit outside the house and then they decide to go get something to eat instead I don't know what's happens right but like so I get that for Lana's but Nino like they don't just drive there like they they show up they bang on the door they got the guns if that's not enough you know in it that just basically saying you got to shoot the guy before it's an attempt no you have to point the gun and they said that in Jones I said that if someone takes out a weapon brandishes it at the victim points it at them you've got that's an overt act that's sufficient but your argument is anything short of brandishing the gun is not an attempt I can't do attempt unless I either brandish the gun or you know maybe from behind the corner so he doesn't see the gun shooting or shoot at him or grab him tackle him attempt to attempt to subdue him subdue him something more than simply knocking on a door that's perfect thank you all right thank you mr. beers all right we're back to you miss Taman and we're going to give you a few extra minutes thank you sir I'm going back to the government's appeal and I had just started to argue that the sentencing factors were actually charged outside of count one the understanding pretrial was that they were not elements of the offense we moved to strike them as surplusage that was denied but there was no suggestion at that time that they were elements of the offense and I would point out that there is no reference to 1963 a at all in this indictment one of the things that's really important is that at the time of the charge conference so during trial but before the jury was charged the topic of the DiMaio case being pending at the Supreme Court was much discussed and and considered and it was at that point in time that judge Chico Davis wanted to confirm that the government wanted to go forward with the crime of violence residual clause instruction and so in the context of that judge Davis spoke to government counsel about what would happen if DiMaio came out if the Supreme Court affirmed DiMaio and the residual clause was no longer available and at that point in time the government argued that each of the 924 C counts was charged was tied to a by car crime and also to the inchoate conspiracy that's charged in count one and it was their position that if DiMaio was decided as it has been that they would still be able to save these 924 C counts because each one was tied to a by car crime and so now with respect to count 30 the by car crime was struck down and the government's arguing for the first time that this is an aggravated Rico conspiracy when she was specifically asked at the charge conference what would happen if the jury only checked the Rico conspiracy and not the by car murder she responded that will probably lose that count understanding that the Rico conspiracy charged in count one was not a crime of violence the three elements of the Rico conspiracy that the judge instructed the jury they needed to find were simply the agreement between two or more people element one element two that the defendant deliberately joined the agreement and element three that the defendant knowingly agreed that a co-conspirator would commit at least two acts at that point in time everyone understood that if the object of that agreement was a murder under Virginia law that then the maximum penalty would be life imprisonment and in this case I would point out that both mr. Simmons and mr. Mitchell did receive a life sentence on count one which has not been challenged the court then went on to tell the jury specifically that the essence of the offense charged in count one is the agreement and specifically told them that no overt act was required and so the issue before the court isn't really whether we should be using the categorical approach or the modified categorical approach under either situation the government's appeal does not prevail they do not prevail on this appeal the modified categorical approach would permit the court to look at the indictment and also the jury instructions both of which established that the inchoate conspiracy charged in only ever envisioned to be a inchoate crime that was not a crime of violence I think I'm over my time and I well we took a lot of time with mr. beers that you can have another minute or two if there's another topic you want to address going back to December the 27th I would point out to the court that you there was no situation where he provided firearms and there's really sparse evidence that they were done as required under the by car crimes specifically to enhance or maintain their position within the nine-trade enterprise and going back to the 27th of December it was after they left mr. Simmons residence that those people traveling in the car had a substantial change with respect to their specific intent when they left him they got the specific direction that black those people were not to be harmed and so when they then leave and are traveling there's no communication back with mr. Simmons they're on the phone with Nino and black oh but not on the phone with mr. Simmons took that sanctioned their change in specific intent it's quite the opposite after they shot miss Sparkle Morris who's SM in the briefs the next morning mr. Simmons was very very angry about the fact that that had occurred and he made it very clear to everyone that he had specifically told people that black those people were not to be harmed counsel just so that this is a dense record and I will confess that I don't have it at immediate recall but my recollection was that Simmons told him that blank black Oh or Blanco however I say his name that he had a vest on but they were mashing the gas on everybody else and you seem to say that the vest was on all of black those people we're in the record do I do I find that the vest which I understood to be don't kill him was not just on black Oh but was on all of black Oh's people the government utilized an informant after the fact to go in and try to elicit an admission from mr. Simmons that he had in fact directed the crimes of violence that night he denied it multiple multiple times and finally when they got something out of him that constituted admission it was that he had given clear direction that black those people were not to be harmed that this crime was not something that was directed or sanctioned in any way by him right that's his I mean that's the exculpatory statement he makes but you know the jury had evidence that he sanctioned it on some and protected others and our job is not to weigh those I get that's the jury arguments you made but how do I how do I make that decision in this posture there was only a conditional understanding which was that if the people under black Oh black those line who are all under this person's you know who they were at war with at the time if those people didn't flip then they were to match the gas and there were multiple interpretations what match the gas could have men but there was always the conditional intent that there was not to be any violence unless people that were gang members underneath skinos line we're not going to flip and Sparkle Morris as the girlfriend of black Oh was not a member of skinos line she was simply someone that was associated with black Oh blackness family okay Thank You Miss Ms. Walbaum we're back to you why don't you start by by going directly to count 24 and tell us your view of why the attempted murder of Nino is valid and why isn't that just a conspiracy to commit murder well your honor first of the premise the Jones case dealt with robbery it did not deal with attempted murder and and it was not a Virginia Supreme Court case what was important in Jones is brandishing a gun at somebody is required because robbery requires a threat and so that's that was Jones's focus on that Virginia law has been very consistent that attempted murder is when you do something more than mere preparation and including getting into a car with loaded guns and going to look for people in the case of Nino they got out of the car and they knocked on the door and he saw them but he was did not answer the door because he was sufficient in terms of Lane they did get out of the door and they out of the car with their guns and they asked somebody where he was possibly because Nino had not come to the door and and I believe the testimony is boy did not want to knock on the door to avoid alerting him so in both of those cases three four men get into a car three of them have loaded weapons they have instructions to kill people and they go and they look for them and they start calling around trying to lure people out under the Virginia law that is more than sufficient to establish attempted murder and I would and obviously as them was the first person who opened the door when they knocked and it was clear that their intent was to kill people because she was shot six times in the chest they were and when taken all together the jury had more than sufficient evidence especially when there was no objection to the to the instruction so this is plain air there was no there was no there was a direct act instruction from the from the district court in terms of the attempt liability and there was no objection to that another point if I may on this December 27th event I believe was a question about black Oh and the black Oh bet the cooperator Davis said two people had a vest on black Oh and Lane however in an unrecorded conversation with chief the informant didn't and at which is in on the disk the video is on the disk and I urge this court to look at that video because it says he only put a vest on black not black those people not the line just on black Oh and that's because he thought black Oh was a mole and that he was his inside guy and that he was already decided to follow him and everybody else was given a very clear choice follow me or be killed and that was established well before December 27th so that's sort of the background and given all of that information I believe there is more than sufficient evidence in terms of intent an overt act on all of on the by car assault attempted murders against Nino and late but I'm happy about Simmons what about Simmons yes your honor Simmons the leader Simmons sent them to he gave them the order he dispatched them and not only did he dispatch them he dispatched Mitchell and boy who he knew they were his drill mob they were his assassin he sent his assassin to kill people he didn't send them to negotiate a settlement he sent two men that he knew had killed at least five people and they were armed and they were head direction and so it was aiding or abetting my ability for mr. Simmons and he can he did exactly what a person in nitrate should do he gave the orders and he stayed behind so he wouldn't get arrested because he was too valuable so there's more than sufficient evidence on those counts your honor if I may turn very quickly to the variance argument your honor I would this is the government the government did not fight cotton we did put a footnote to contest our view of floresca but the bottom line argument here is the grand jury was in well you probably didn't cite cotton cotton's a sentencing case we're talking guilty well your honor bottom line no no I want to answer that I mean but I mean you say you didn't I want to know why you didn't other than that oh your honor we were well we had a lot of issues to cover and we were cutting at the very last minute and we were trying to thank you thank you that's good but the but the bottom line the grand jury indicted on the count of conviction of by car assault on the theory of actual shooting that was in the overt act the jury was instructed properly on 282 and the government's evidence and theory never changed and ultimately the defendants were kicked committed were convicted of by car assault there was no fatal variance they were convicted of what they were charged up and no rational is it is it your bottom line view here that this issue is controlled by Yates and Hedgepeth or is it something else your honor our view is that Yates and Hedgepeth is certainly one method in one argument for distinguishing this case and taking it out of the fatal variance that yes it is an alternative theory of liability because they because either of the assault statutes were sufficient and the government proved both of them in the course of this trial there is no there so they were convicted of the charge from the grand jury and I thank you and was there any other questions your honor thank you I don't see any well I thank all counsel for their arguments in particular I want to thank mr. beers and this time and because your court appointed and the court is deeply grateful to you for the devotion of your time to handling these cases we could not do what we do without your assistance so with that as you know we come down and greet you at the Fourth Circuit we can't do that today so consider this your virtual greeting have a happy Halloween and I'll ask the clerk to adjourn court and then the judges will reconvene here shortly thank you this on the court stands adjourned God save United States
judges: G. Steven Agee, James A. Wynn Jr., Julius N. Richardson